EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Felix Guardiola Rodríguez, et al.<br><br>Peticionarios<br><br>v.<br><br>Cooperativa de Seguros Múltiples de Puerto Rico<br><br>Recurrida | Certiorari<br><br>2018 TSPR 163<br><br>201 DPR ____ |

Número del Caso: CT-2018-7


Fecha: 18 de septiembre de 2018


 Abogados de la parte peticionaria:

        Lcda. Sheila M. Robles Vega
        Lcda. Stella M. Moreira Rabelo
        Lcda. Sheylah E. Rodríguez Santana
        Lcdo. Roberto C. Benítez Pérez



Materia: Sentencia del Tribunal con Voto particular disidente.
(Se incluye Resolución enmendada)



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Félix Guardiola Rodríguez,
*et al.*

    Peticionarios

       v.                CT-2018-09     Certiorari

Cooperativa de Seguros
Múltiples de Puerto Rico

    Recurrida


RESOLUCIÓN

San Juan, Puerto Rico, a 18 septiembre de 2018.

Examinado el *Recurso de Certificación Intrajurisdiccional*, así como la *Moción en Auxilio de Jurisdicción*, se provee no ha lugar a ambos.

Notifíquese **inmediatamente**.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez está conforme con la determinación tomada por una mayoría de los integrantes de este Tribunal. Estima que no es el momento oportuno para dilucidar la controversia planteada por los peticionarios. Este Foro estaría en mejor posición para dirimir los errores señalados cuando exista una controversia justiciable entre las partes. Resolver lo contrario y acoger el recurso de certificación intrajurisdiccional, como proponen los disidentes, resultaría en una opinión consultiva. Aún si este Tribunal tiene la intención de revisar la doctrina de "caso o controversia" adoptada en *ELA v. Aguayo*, 80 DPR

552 (1958), éste no sería el caso adecuado para ello. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente al cual se unieron la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo y Rivera García.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Félix Guardiola Rodríguez y María Escalante y la Sociedad Legal de Gananciales compuesta por éstos<br><br>Peticionarios<br><br>v.<br><br>Cooperativa de Seguros Múltiples de Puerto Rico<br><br>Recurrida | CT-2018-009 | *Certificación Intrajurisdiccional* |

Voto particular disidente emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ al cual se unen la Jueza Asociada señora PABÓN CHARNECO, el Juez Asociado señor KOLTHOFF CARABALLO y el Juez Asociado señor RIVERA GARCÍA

San Juan, Puerto Rico, a 18 de septiembre de 2018.

Existen dos realidades innegables que no me permiten permanecer en silencio ante el curso de acción de una Mayoría de este Tribunal, a saber: (1) el Huracán María ha sido la peor catástrofe natural que ha azotado a Puerto Rico, cobrando la vida de miles de personas y provocando billones de dólares en daños físicos por lo que estamos ante el asunto de interés público más prioritario para todas las Ramas de Gobierno y, (2) al presente, miles de puertorriqueños y puertorriqueñas se encuentran en un laberinto procesal en torno a sus reclamaciones ante diversas aseguradoras. Ante ese cuadro, el recurso denegado pretendía brindar certeza, tanto a aseguradoras

como a los asegurados, en torno al término provisto en nuestro ordenamiento para instar una acción judicial por motivo de ese tipo de reclamación. Ante la proximidad del año del paso del Huracán María y ante una cláusula confusa que podría limitar el acceso a los tribunales y recibir un remedio adecuado, completo y oportuno, disiento y, en su lugar, hubiese expedido el recurso presentado.

Consecuentemente, procedo a exponer el contexto fáctico en el cual se desarrolla la controversia ante nos.

## I

Como consecuencia de los daños ocasionados a su propiedad, por el paso del Huracán María, el Sr. Félix Guardiola Rodríguez y la Sra. María Escalante Delgado (peticionarios) reclamaron a la Cooperativa de Seguros Múltiples de Puerto Rico (recurrida) la indemnización correspondiente, en virtud de un contrato de seguro de propiedad residencial otorgada a favor de éstos. Al no recibir respuesta o comunicación por parte de la recurrida, los peticionarios llevaron a cabo varias diligencias con el fin de recibir la indemnización que éstos entendían meritoria, en consideración de la cubierta provista por la referida póliza.

No obstante, la Cooperativa de Seguros Múltiples de Puerto Rico se mantuvo incomunicada con los peticionaros en lo referente a su reclamación. Alegan los peticionarios que, luego de tres meses de estar ajenos respecto a su caso, éstos se personaron a las oficinas de la recurrida.

Allí, alegadamente, descubrieron que su reclamación había sido cerrada y que se le había notificado de tal determinación por correo. Ahora bien, arguyen que la referida notificación fue enviada a una dirección postal equivocada. Eventualmente, tras enviar la determinación a la dirección correcta, la recurrida informó a los peticionarios que su reclamación había sido cerrada, puesto que los daños reclamados, alegadamente no estaban cubiertos por la póliza. Asimismo, les indicó que los daños sufridos eran menores al pago del deducible que les correspondía pagar, en virtud de la póliza. Los peticionarios le solicitaron a la recurrida que reconsiderara su determinación, la cual fue denegada.

Luego de un proceso investigativo ante la Oficina del Comisionado de Seguros, y dado el gran estado de incertidumbre descrito, los peticionarios presentaron ante el Tribunal de Primera Instancia una solicitud de Sentencia Declaratoria. Ello, con el propósito de decretar la nulidad de la cláusula número once (11) de la póliza del presente caso, la cual plantean que limita y condiciona confusamente el término para presentar una acción judicial. La misma lee como sigue:

> 11. Demanda contra Nosotros. No se podrá presentar una acción a menos que se hayan satisfecho las disposiciones de esta póliza y la acción se inicie dentro de un plazo de un año después de la fecha de la pérdida.

A esos efectos, sostienen que la referida cláusula es nula, por ser contraria a la ley, la moral y el orden

público. En la alternativa, arguyen que la misma es ambigua y que, por tal motivo, debemos aclarar su significado. Ello, para aclarar la relación jurídica entre los peticionarios y la recurrida, respecto a la cláusula once (11) de la póliza de seguro en cuestión. Oportunamente, los peticionarios acuden ante nos, en recurso de certificación intrajurisdiccional y moción en auxilio de jurisdicción, para fines de brindar certeza a su relación jurídica con la recurrida, en virtud de la precitada cláusula contractual.

Así las cosas, procedo a delinear, sucintamente, el marco jurídico que de base a mi disenso.

## II

### A.

El Art. 3.002(f) de la Ley de la Judicatura dispone que el Tribunal Supremo:

> Mediante auto de certificación, a ser expedido discrecionalmente, *motu proprio* o a solicitud de parte, podrá traer inmediatamente ante sí para considerar y resolver cualquier asunto pendiente ante el Tribunal de Primera Instancia cuando se plantee . . . cuestiones noveles de derecho, o se planteen cuestiones de alto interés público . . . . 24 LPRA sec. 24s(f). Véase, además, Regla 52.2 (d) de Procedimiento Civil, 32 LPRA Ap. V.

De ese modo, se puede proveer para una solución expedita de las controversias de esa naturaleza pendientes ante un foro inferior, cuando la misma así lo requiera. A esos efectos, hemos establecido que "cuando un asunto requiera urgente solución, bien porque se afecte la administración de la justicia o bien porque el asunto exija de una pronta

atención por su importancia, el auto de certificación es un valioso instrumento para adelantar estos objetivos". Rivera v. J.C.A., 164 DPR 1, 7 (2005). De igual modo, la Regla 23 del Reglamento de este Tribunal establece los requisitos mínimos de forma para que consideremos un recurso de certificación intrajurisdiccional. 4 LPRA Ap. XXI-B, sec. 23. Además, hemos indicado que la expedición de este tipo de recurso permite que este Tribunal dilucide y atienda controversia que de otra manera evadirían nuestro pronunciamiento. Alvarado Pacheco y Otros v. E.L.A., 188 DPR 594, 623 (2013).

Por otra parte, y en relación a la utilización de la certificación intrajurisdiccional, hemos expresado que si bien es cierto que de ordinario "[e]s preferible que los casos maduren paulatinamente a través del trámite ordinario, pues ello permite que las controversias se diluciden y afinen sin que el foro de última instancia tenga que inmiscuirse a destiempo". Rivera v. J.C.A., supra, pág. 7. No obstante, resulta igualmente cierto "que sólo basta con que el caso esté pendiente ante el tribunal de instancia para que se nos pueda presentar la controversia mediante este recurso". Presidente de la Camara v. Gobernador, 167 DPR 149, 160 (2006). Es decir, la evaluación de si este Tribunal, en su sana discreción debe expedir un recurso de certificación intrajurisdiccional ante su consideración, es una caso a caso. Ese análisis debe tomar en consideración el grado de

interés público que trae consigo el caso, las cuestiones de derecho noveles que plantee y una determinación de cómo y en cuánto la expedición de ese recurso afecta la administración de la justicia y la economía procesal.

**B.**

Sabido es que la sentencia declaratoria es un "mecanismo remedial y profiláctico que permite anticipar la dilucidación de los méritos de cualquier reclamación ante los tribunales, siempre y cuando exista un peligro potencial contra quien la solicita". Alcalde Guayama v. ELA, 192 DPR 329, 333 (2015). De igual modo, "la sentencia declaratoria es adecuada para declarar derechos, estados y otras relaciones de naturaleza jurídica independiente a que existan otros remedios". Íd. A esos efectos, la sentencia declaratoria es particularmente útil para "dilucidar cualquier divergencia de criterio en la interpretación de un estatuto cuando existe una controversia sustancial entre partes con intereses legales adversos". Íd. Naturalmente, ese mecanismo puede ser igualmente útil para resolver la legalidad de ciertas cláusulas contractuales entre partes particulares, cuando una de éstas impugna su validez.

**III**

De entrada, resulta necesario señalar que se desprende con meridiana claridad que el recurso ante nuestra consideración cumple cabalmente con los requisitos

y características para que, en el ejercicio de nuestra discreción, expidamos el mismo. Veamos.

En primer término, actualmente, es una realidad innegable que Puerto Rico enfrenta serios problemas respecto a las reclamaciones por parte de los asegurados en contra de los aseguradores. Ello, como consecuencia de los daños ocasionados por el paso del Huracán María. En consideración de lo anterior, es innegable que la reconstrucción de Puerto Rico luego del paso del Huracán María es prioridad y un asunto del más alto interés público. Consecuentemente, no debe sorprendernos que, a poco menos de un año del paso del referido fenómeno atmosférico, comiencen a llegar ante los tribunales distintas reclamaciones relacionadas al mismo. La reclamación que hoy tenemos ante nuestra consideración es ejemplo de ello. En ese sentido, la causa de epígrafe posee un alto grado de interés público, lo cual ameritaba que expidiéramos el recurso de certificación intrajurisdiccional. Ello, con el fin de brindar un remedio completo, adecuado y oportuno a la parte que acude ante este Foro. Ciertamente, el haber expedido y atendido este caso hubiera brindado un alto grado de certeza en cuanto a los derechos y obligaciones que circunscriben la relación asegurado-aseguradora. Adviértase, además, que la cláusula en controversia específicamente prohíbe que un asegurado pueda demandar a la aseguradora transcurrido un año desde el daño.

Es decir, a poco menos de cumplir un año del paso de ese fenómeno atmosférico, vemos como aún permean remanentes de los daños causados. La controversia que hoy atendemos es ejemplo de ello y el mecanismo de Sentencia Declaratoria eliminaría la incertidumbre en el aspecto prescriptivo. Por otra parte, nótese que dejar en el cauce ordinario esta controversia no permitiría brindar esa certeza al alcance de la cláusula que impone un término prescriptivo de un (1) año, bajo unas condiciones confusas y de cuestionable validez. Adviértase, además, que no se trata meramente de esta familia peticionaria, ya que resulta ser la realidad de miles de ciudadanos que se encuentran en igualdad de condiciones respecto al referido término prescriptivo, por cumplirse el próximo 20 de septiembre un año del paso del Huracán María.

De lo anterior se desprende que es igualmente incuestionable que la presente controversia jurídica es una novel. Este Tribunal nunca ha atendido el alcance de la cláusula objeto de controversia, la cual en la época posterior al Huracán María cobra urgencia determinar su validez. Resolver la controversia ante nos proveería para un marco jurídico más claro y certero, en cuanto a este tipo de cláusula en una póliza de seguro. Adviértase que el dejar este tipo de controversia sin resolver sólo redunda en obstaculizar la administración de la justicia y en obviar el principio de economía procesal.

Así las cosas, y ante la proximidad del año del paso del Huracán María, la denegación del recurso ante nos desembocará en dos preocupantes y serios resultados. Por un lado, existe gran probabilidad de que los tribunales se vean acaparados con demandas por incumplimiento de contratos de seguros, ante los foros de instancia sin contar con un precedente claro para aplicar uniformemente. Ello, por razón del temor e incertidumbre que los asegurados razonablemente podrían tener respecto a si su posible reclamación judicial está prohibida por razón de las denominadas cláusulas "demandas contra nosotros". Por otro lado, denegar el recurso en cuestión, solo abona a mantener a las partes en un alto grado de incertidumbre, dificultando así toda posible transacción extrajudicial. En consecuencia, el cauce ordinario afecta tanto a aseguradoras como a asegurados, así como al interés público en general.

No cabe duda de que la controversia ante nuestra consideración es una de las varias controversias jurídicas que serán consideradas por este Foro, como consecuencia del Huracán María. Ahora bien, a la luz de lo anterior, ésta contaba con las características para ser certificada, con el propósito de proveer una pronta solución a un caso de alto interés público que, a su vez, planteaba controversias jurídicas noveles. Máxime, cuando ante nuestra consideración sólo están presentes controversias estrictamente de derecho.

La pronta intervención por parte de este Foro hubiera remediado mucho de los males que aún permean, a poco menos de un año del paso del Huracán María. Así las cosas, sólo me resta instar al foro primario que atienda y trabaje este caso con la agilidad procesal que sin duda alguna amerita.

**IV**

Por los fundamentos antes expuestos, hubiera expedido el recurso de certificación intrajurisdiccional y analizado los méritos de la controversia ante nuestra consideración. Ello, a los fines de proveer un remedio adecuado, completo y oportuno. De igual forma, con el propósito de brindar certeza a una controversia de alto interés público. Sin embargo, toda vez que una Mayoría despacha el presente asunto con un "no ha lugar", sin más, disiento.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Félix Guardiola Rodríguez y María Escalante y la Sociedad Legal de Gananciales compuesta por éstos<br><br>Peticionarios<br><br>v.<br><br>Cooperativa de Seguros Múltiples de Puerto Rico<br><br>Recurrida | CT-2018-009 | *Certificación Intrajurisdiccional* |

RESOLUCIÓN
(ENMENDADA)

San Juan, Puerto Rico, a 18 de septiembre de 2018.

Examinado el *Recurso de Certificación Intrajurisdiccional*, así como la *Moción en Auxilio de Jurisdicción*, se provee no ha lugar a ambos.

Notifíquese **inmediatamente**.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Juez Asociada señora Rodríguez Rodríguez está conforme con la determinación tomada por una mayoría de los integrantes de este Tribunal. Estima que no es el momento oportuno para dilucidar la controversia planteada por los peticionarios. Este Foro estaría en mejor posición para dirimir los errores señalados cuando exista una controversia justiciable entre las partes. Resolver lo contrario y acoger el recurso de certificación intrajurisdiccional, como proponen los disidentes, resultaría en una opinión consultiva. Aún si este Tribunal tiene la intención de revisar la doctrina de "caso o controversia" adoptada en *ELA v. Aguayo*, 80 DPR 552 (1958), éste no sería el caso adecuado para ello. Los Jueces Asociados señores Martínez Torres y Feliberti Cintrón se unen a las expresiones de la Juez Asociada señora Rodríguez Rodríguez. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente al cual se unieron la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo y Rivera García.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina